IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| v. | ) | 1:08CR332-1 |
| | ) | |
| GARRICK DEWAYNE NEWTON, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

BEATY, District Judge.

This matter is before the Court on a *pro se* Motion filed by Defendant Garrick Dewayne Newton ("Defendant"). The *pro se* Motion is captioned on the docket as follows: Motion: Request to Modify or Delete Statement Located on Defendant's Presentence Investigation Report [Doc. #37].

I. FACTUAL AND PROCEDURAL BACKGROUND

On or about September 29, 2008, a grand jury for the Middle District of North Carolina returned an Indictment [Doc. #1] against Defendant charging him with Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). On January 29, 2009, Defendant entered into a Plea Agreement [Doc. #22] with the Government and Defendant pled guilty to the Indictment [Doc. #1] on January 30, 2009. On August 5, 2009, the United States Probation Office disclosed its Presentence Investigation Report ("PSR") [Doc. #38] and neither party objected. On December 17, 2009, this Court sentenced Defendant to a 180-month sentence in the Bureau of Prisons. On June 27, 2013, more than three years after sentencing, Defendant filed a *pro se* Motion to Request to Modify or Delete Statement Located on

Defendant's Presentence Investigation Report [Doc. #37], which is currently before the Court.

In his Motion [Doc. #37], Defendant requests that the Court modify or delete paragraph four of the PSR [Doc. #38], which references an alleged armed robbery. Defendant states that this language prevents his "progression [in] key rehabilitation programs" offered by the Bureau of Prisons. (Def.'s Mot. for Req. to Modify or Delete Statement Located on Def.'s PSR [Doc. #37]).

II. MOTION FOR REQUEST TO MODIFY OR DELETE STATEMENT LOCATED ON DEFENDANT'S PRESENTENCE REPORT

Federal Rule of Criminal Procedure 32(f)(1) states that parties must object in writing to "material information, sentencing guideline ranges, and policy statements" contained in the PSR within fourteen days after receiving the PSR. Fed. R. Crim. P. 32(f)(1) (2012). This rule evolved from the 1983 Amendments to Rule 32(c)(3)(D), which were intended to ensure that the record was correct *before sentencing* and to provide an accurate report to the Bureau of Prisons and Parole Commission. Fed. R. Crim. P. 32(c)(3)(D) advisory committee's notes (1983).

A. Post-Sentencing Review of the PSR

Defendant's Motion challenges the inclusion of paragraph four in the PSR more than three years after his sentence was imposed and requests that the Court modify or delete the disputed language. It is a well-established rule of law that Rule 32 does not provide a district court an independent jurisdictional basis to revise a PSR after a sentence has been imposed. See United States v. Williams, 618 F. Supp. 1419, 1420 (4th Cir. 1985) aff'd, No. 84-5360 (4th Cir. Feb. 6, 1986); see also United States v. Boardley, No. 02-7717, 2003 WL 21001103 (4th Cir. May 5, 2003) (finding that the district court did not have jurisdiction to consider a motion to append

2

a presentence report twelve years after it imposed its sentence); United States v. Jarrett, Nos. 89-7068, 89-6705, 1990 WL 64713 (4th Cir. Apr. 20, 1990) (finding that Rule 32 does not give the district court "independent jurisdiction" to consider a post-sentencing challenge to errors in defendant's presentence report); United States v. Engs, 884 F.2d 894 (5th Cir. 1989) (stating that several circuits have found that Rule 32 does not provide a post-sentence jurisdictional basis to attack a presentence report). Specifically in Williams, the district court judge stated that there was no authority under Rule 32 to dispute the findings made in the PSR "months after the sentencing hearing . . . ." United States v. Williams, 618 F. Supp. 1419, 1420 (4th Cir. 1985) aff'd, No. 84-5360 (4th Cir. Feb. 6, 1986). Furthermore, when a sentencing court has given a defendant a full opportunity to dispute factual inaccuracies in a PSR and he fails to do so, "the court does not deny the defendant due process in imposing [the] sentence." United States v. Kelly, 687 F.2d 1217, 1221 (8th Cir. 1982).

In this case, Defendant filed a Motion on June 27, 2013 to dispute language in paragraph four of his PSR that was disclosed to him on or about August 5, 2009 for which he was sentenced on December 17, 2009. This Motion comes to the Court more than three years after Defendant's sentence was imposed and almost four years after he had an opportunity to object to the PSR. In view of the plain meaning of Rule 32, which requires a defendant to object to any inaccuracies in the PSR fourteen days after receiving it, and established case law denoting that the Court does not have jurisdiction under Rule 32 to revise a PSR after a sentence has been imposed, the Court finds that Defendant's instant request to modify or delete language in his PSR is untimely and the Court is unable to grant Defendant's request.

B.  Challenging the PSR to Attack Bureau of Prisons' Accommodations

Defendant further challenges the inclusion of paragraph four in the PSR because its presence prohibits his participation in various rehabilitation programs with the Bureau of Prisons. The 1983 Amendments to Rule 32(c)(3)(D), which were subsequently incorporated into the current form of Rule 32(f), contemplate such "continuing impact" the PSR report has on parole determinations and a detainee's accommodations during the term of imprisonment. See United States v. Engs, 884 F.2d 894, 896 (5th Cir. 1989) ("These interests are implicated at later stages in the correctional process by the continued use of the presentence report as a basic source of information in handling the defendant."). Despite the language in the 1983 Amendments' Advisory Committee Notes anticipating the Bureau of Prisons and the Parole Commission's use of the PSR after sentencing, neither the language of Rule 32 nor the Committee Notes require a sentencing judge to alter a PSR years after sentencing. Id. at 896-97. Therefore this interpretation affirms Rule 32(f)'s primary purpose to resolve "factual inaccuracies" *prior to sentencing* to ensure that the defendant receives a fair sentence. Id. at 896; see United States v. Williams, 618 F. Supp. 1419, 1420 (4th Cir. 1985) aff'd, No. 84-5360 (4th Cir. Feb. 6, 1986).

In this case, Defendant's Motion does not dispute the factual accuracy of his PSR as a direct attack on the sentence itself; however, Defendant, as previously noted, requests that the Court alter or delete the language in paragraph four of the PSR because the current language hinders his "progression [in] key rehabilitation programs" with the Bureau of Prisons. (Def.'s Mot. for Req. to Modify or Delete Statement Located on Def.'s PSR [Doc. #37]). Even if the

4

Court was able to alter the PSR language post sentencing as it relates to the sentence itself, which it cannot do under Rule 32, there is no textual support within Rule 32 which obligates the Court to change the conditions of Defendant's confinement. For this reason, the Court is not able to change, modify, or alter the PSR as Defendant requests.

However, a defendant is not without recourse to dispute findings used by the Bureau of Prisons or the Parole Commission in establishing prison accommodations or parole status. Specifically, in addressing prison accommodations, the Bureau of Prisons has created an Administrative Remedy Procedure where a detainee may seek "formal review of an issue relating to any aspect of [his] own confinement." 28 C.F.R. § 542.10 (2013); see United States v. Engs, 884 F.2d 894, 897 (5th Cir. 1989).

Since Defendant has the option of obtaining formal review of his confinement accommodations through the Bureau of Prisons under the Administrative Remedy Program, Defendant has failed to show why the Court should modify or delete the language in paragraph four of the PSR to alter his prison accommodations. Accordingly, the Court will not change, modify, or alter the PSR as Defendant requests.

III. CONCLUSION

Based on the foregoing reasons, Defendant has failed to show that the Court has the authority or obligation to modify or delete the language of paragraph four of the PSR for the purposes of altering his prison accommodations. As such, the Court will deny Defendant's Motion for Request to Modify or Delete Statement Located on Defendant's Presentence Investigation Report.

5

IT IS THEREFORE ORDERED that Defendant's Motion for Request to Modify or Delete Statement Located on Defendant's Presentence Investigation Report [Doc. #37] is hereby DENIED.

This, the 13th day of September, 2013.

*/s/ James A. Beaty*
United States District Judge