IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| GARRICK DEWAYNE NEWTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 1:15CV681 |
| v. | ) | 1:08CR332-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a federal prisoner, submitted a Letter [Doc. #41] to his former attorney's office, which forwarded it to the Court for filing. In the Letter, Petitioner seeks to attack the conviction or sentence he received in this Court. However, the document he sent is not a recognizable method for achieving this goal. Instead, the proper avenue for such an attack is ordinarily a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. For this reason, the Court will construe the submission as such a motion. However, this Motion cannot be further processed for the following reasons:

1. Motion is not on proper § 2255 form.

2. The Motion does not appear to state any claim for relief. Petitioner seeks to raise a claim that he is no longer an Armed Career Criminal under the recent case of Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (2015). In Johnson, the Supreme Court held that the "residual clause" of § 924(e) is unconstitutionally vague. That "residual clause" provides that a "violent felony" includes any felony that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). Petitioner in this case challenges the use of his prior

breaking and entering convictions as predicate felonies. However, the Court of Appeals for the Fourth Circuit has held that North Carolina breaking and entering convictions are violent felonies not under the residual clause, but instead because they are categorically within the enumerated offense of burglary. United States v. Mungro, 754 F.3d 267, 272 (4th Cir. 2014) ("The ACCA defines 'violent felony' to include, as relevant here, any offense that 'is burglary'" and "N.C. Gen. Stat. § 14–54(a), as interpreted by the North Carolina Supreme Court, sweeps no more broadly than the generic elements of burglary . . . . N.C. Gen. Stat. § 14–54(a) therefore qualifies as an ACCA predicate offense under 18 U.S.C. § 924(e)(2)(B)(ii)."); United States v. Bowden, 975 F.2d 1080, 1085 (4th Cir. 1982) ("[C]onvictions under North Carolina law for breaking or entering under N.C.G.S. § 14-54 qualify as generic burglaries under the *Taylor* case and justify an enhancement of punishment under § 924(e)(2)(B)(ii)."). Thus, it does not appear that Johnson would affect the determination in Petitioner's case. Cf. Johnson, 2015 WL 2473450 ("Today's decision does not call into question application of the Act to the four enumerated offenses."). However, the Court need not consider that issue further, since the claims were not properly submitted on the forms and in the proper format.

Because of these pleading failures, this particular Motion will be dismissed, but without prejudice to Petitioner promptly filing a new motion properly following the 28 U.S.C. § 2255 forms and correcting the defects of the present Motion.[1] To further aid

---

[1] Because Petitioner's submission is being dismissed without prejudice and is not being decided on its merits, this case will not count as a first motion which would later trigger the prohibitions against second or successive motions found in 28 U.S.C. § 2255(h). However, if Petitioner chooses to later submit a § 2255 motion that conforms with this Order and Recommendation, he should be aware that he is normally entitled to have only one § 2255 motion decided on its merits. Second or successive motions are barred from consideration by this Court unless a petitioner first receives permission from the Fourth Circuit Court of Appeals to file such a motion. 28 U.S.C. §§ 2255(h) and 2244. That permission is granted only in very narrow circumstances. Because of this, Petitioner should act carefully in resubmitting a motion. See generally Castro v. United States, 540 U.S. 375 (2003). If Petitioner wishes to challenge his conviction, he must use the § 2255 forms supplied by the Court, include all of the claims for relief he wishes to raise, and closely follow the instructions provided. To the extent there are any issues regarding the running of the statute of limitations in this case, the parties can litigate those issues following any refiling by Petitioner. If Petitioner wants a form of relief other than relief from his conviction or sentence, he should make that clear in any new submission and should state that he is not seeking to attack his conviction or sentence. He should not use the § 2255 forms in that instance. Finally, Petitioner may choose not to submit a motion, in which case his claims will not be considered further.

Petitioner, the Clerk is instructed to send Petitioner new § 2255 forms and instructions for filing a § 2255 motion, which Petitioner should follow.

IT IS THEREFORE ORDERED that the Clerk is instructed to send Petitioner § 2255 forms and instructions.

IT IS THEREFORE RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Petitioner promptly filing a corrected motion on the proper § 2255 forms.

This, the 7th day of October, 2015.

                                                                /s/ Joi Elizabeth Peake
                                                        United States Magistrate Judge